

ORIGINAL

1  K. Lynn Finateri Silbiger (SBN 196488)
   HAWKINS, PARNELL & THACKSTON, LLP
2  444 South Flower Street – Suite 1100
   Los Angeles, California 90071
3  Telephone:    (213) 486-8000
   Facsimile:    (213) 486-8080
4  Email: *lfinateri-silbiger@hplegal.com*

5  Attorney for Defendant
   TRAUNER, COHEN & THOMAS, LLP
6

7



FILED

2009 OCT -5 AM 11:42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8          **UNITED STATES DISTRICT COURT**
             **SOUTHERN DISTRICT OF CALIFORNIA**
9

10

11  MIDLAND CREDIT MANAGEMENT, INC., a
    Kansas corporation; MIDLAND FUNDING, LLC,
12  a Delaware limited liability company; MRC
    RECEIVABLES CORPORATION; a Delaware
13  corporation; and MIDLAND FUNDING NCC-2
    CORPORATION, a Delaware corporation,
14
                                Plaintiffs,
15
    v.
16
    TRAUNER, COHEN & THOMAS, LLP, a Georgia
    limited liability partnership, and Does 1 through 10,
17
                                Defendants.
18

CIVIL ACTION FILE
NO. 09 CV 2187 H          RBB

**PETITION FOR REMOVAL**

19          Petitioner Trauner, Cohen & Thomas, LLP (hereinafter "TCT"; now known as Thomas &

20  Cohen, LLP) hereby submits this Petition for removal of the action herein referred to from the

21  Superior Court of San Diego County to the United States District Court for the Southern District

22  of California, and respectfully shows to the Court the following:

23          1.      The Petitioner herein, TCT, is a Defendant in a civil action brought in the Superior

24  Court of San Diego County entitled <u>Midland Credit Management, Inc. et al. v. Trauner, Cohen &</u>

25  <u>Thomas, LLP</u>, Case No. 37-2009-00097745-CU-PN-CTL.   Attached hereto and made a part

26

27

28

hereof as **Exhibit A** is a true and correct copy of the following documents filed by the Plaintiffs with the Clerk of the Superior Court of San Diego County, California:

    (a)    Complaint.

    (b)    Summons.

The attachment hereto, Exhibit A, constitutes all of the pleadings which have been filed in the subject case in the said Superior Court of San Diego County, California.

2.    The aforementioned action was commenced by the filing of the Complaint on September 4, 2009. TCT was formally served in this matter on September 4, 2009.

3.    This Petition is filed within thirty (30) days from the date of service of Defendant, pursuant to 28 U.S.C. 1446 and FRCP 6(a).

4.    This Court has jurisdiction over this action pursuant to § 1332 of Title 28 of the United States Code because there is complete diversity of citizenship between the Plaintiffs and Defendant and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.    Upon information and belief, Petitioner shows that the controversy between Plaintiffs and Petitioner is a controversy between a citizen and resident of the State of Kansas (Plaintiff Midland Credit Management, Inc.), a citizen and resident of the State of Delaware (Plaintiffs Midland Funding, LLC, MRC Receivables Corporation, and Midland Funding NCC-2 Corporation), a citizen and resident of the State of Georgia (Petitioner/Defendant) and several John Doe Defendants whose citizenship remains unknown.[1]

---

[1] California law has specifically stated that where the plaintiff creates uncertainty as to the existence of federal diversity jurisdiction by "salting the complaint with phantom defendants", that uncertainty should be resolved in the removing defendant's favor. Schmidt v. Capital Life Insurance Company, 626 F.Supp. 1315, 1318-1319 (N.D. Cal. 1986). Accordingly, the existence of John Doe Defendants in the instant action does not affect diversity jurisdiction under 28 U.S.C. § 1332.

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09071

PETITION FOR REMOVAL

6.      Upon information and belief, Plaintiffs were at the time of the commencement of this action and still are citizens and residents of the states of Kansas and Delaware and all have their principal place of business in San Diego, California.

7.      Petitioner was at the time of commencement of this action and still is a limited liability partnership under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia and all of its partners domiciled in the State of Georgia.

8.      The matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, in that Plaintiffs specifically plead for relief in the Complaint in the amount of at least $1.7 million.   This is a civil action brought in the Superior Court of San Diego County, California, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

9.      Based on the complete diversity that exists between the parties and the amount in controversy, the pending controversy is one which Petitioner is entitled to remove to this Court pursuant to 28 U.S.C. § 1332.

10.     Petitioner has duly filed a Notice of Removal To The United States District Court with the Superior Court of San Diego County, California, a copy of which is attached hereto as **Exhibit B.**

WHEREFORE, Petitioner prays that its Petition for Removal be filed and that said Action be removed to and proceed in this Court and that no further proceeding be had in said case in the Superior Court of San Diego, California.

DATED:  October 2, 2009.

HAWKINS, PARNELL & THACKSTON, LLP

By:  K. Lynn Finateri Silbiger (SBN 196488)
Attorney for Defendant
TRAUNER, COHEN & THOMAS, LLP

HAWKINS, PARNELL &
THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

3

PETITION FOR REMOVAL

**EXHIBIT A**

# Exhibit "A"

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability
partnership, and Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation;

(Additional Parties Attachment form is attached)

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| SAN DIEGO COUNTY, CA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Diego Central Courthouse | CASE NUMBER: <br> *(Número del Caso):* <br> 37-2009-00097745-CU-PN-CTL |
| --- | --- |

220 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kirk A. Pasich, 2049 Century Park East, Suite 700, Los Angeles, CA 90067-3109   Tel.: (310) 772-8300

| DATE: <br> *(Fecha)* SEP 0 4 2009 | Clerk, by <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability partnership

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Midland Credit Management, et al. v. Trauner, Cohen & Thomas | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

MIDLAND FUNDING, LLC, a Delaware limited liability company; MRC RECEIVABLES CORPORATION, a Delaware corporation; and MIDLAND FUNDING NCC-2 CORPORATION, a Delaware corporation.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kirk A. Pasich (SBN 94242); Steven P. Inman, II (SBN 227748)<br>Dickstein Shapiro LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90068<br>TELEPHONE NO.: (310) 772-8300   FAX NO.: (310) 772-8301<br>ATTORNEY FOR (Name): Plaintiffs Midland Credit Management, Inc., et. al | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101-3409
BRANCH NAME: Central

CASE NAME:
Midland Credit Management, Inc., et.al. v. Trauner, Cohen & Thomas LLP

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2009-00097745-CU-PN-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33)<br>[ ] Other real property (26) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[✓] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | **Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision.

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Nine
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 4, 2009
Kirk A. Pasich
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7072 | |
| PLAINTIFF(S) / PETITIONER(S): Midland Credit Management, Inc. et.al. | |
| DEFENDANT(S) / RESPONDENT(S): Trauner, Cohen & Thomas, LLP | |
| MIDLAND CREDIT MANAGEMENT, INC. VS. TRAUNER, COHEN & THOMAS, LLP | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2009-00097745-CU-PN-CTL |

Judge: Timothy Taylor                                        Department: C-72

**COMPLAINT/PETITION FILED: 09/04/2009**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00097745-CU-PN-CTL    CASE TITLE: Midland Credit Management, Inc. vs. Tra...ner, Cohen & Thor

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

**PLAINTIFF(S):** Midland Credit Management, Inc. et.al.

**DEFENDANT(S):** Trauner, Cohen & Thomas, LLP

**SHORT TITLE:** MIDLAND CREDIT MANAGEMENT, INC. VS. TRAUNER, COHEN & THOMAS, LLP

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2009-00097745-CU-PN-CTL |
|---|---|

Judge: Timothy Taylor        Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- [ ] Court-Referred Mediation Program
- [ ] Private Neutral Evaluation
- [ ] Private Mini-Trial
- [ ] Private Summary Jury Trial
- [ ] Private Settlement Conference with Private Neutral
- [ ] Other (specify): _____

- [ ] Court-Ordered Nonbinding Arbitration
- [ ] Court-Ordered Binding Arbitration (Stipulate)
- [ ] Private Reference to General Referee
- [ ] Private Reference to Judge
- [ ] Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____      Date: _____

_____      _____
Name of Plaintiff                 Name of Defendant

_____      _____
Signature                       Signature

_____      _____
Name of Plaintiff's Attorney        Name of Defendant's Attorney

_____      _____
Signature                       Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 09/04/2009

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page 1

3

1  | Kirk A. Pasich (CA SBN 94242)
2  | Steven P. Inman, II (CA SBN 227748)
   | DICKSTEIN SHAPIRO LLP
3  | 2049 Century Park East, Suite 700
   | Los Angeles, CA 90067-3109
   | Telephone: (310) 772-8300
4  | Facsimile: (310) 772-8301

5  | Attorneys for Plaintiffs

6

7

8  |              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  |                     FOR THE COUNTY OF SAN DIEGO

10

11 | MIDLAND CREDIT MANAGEMENT, INC., a     Case No. 37-2009-00097745-CU-PN-CTL
   | Kansas corporation; MIDLAND FUNDING, LLC, a
12 | Delaware limited liability company; MRC
   | RECEIVABLES CORPORATION, a Delaware      COMPLAINT FOR BREACH OF
13 | corporation; and MIDLAND FUNDING NCC-2   CONTRACT; NEGLIGENCE/LEGAL
   | CORPORATION, a Delaware corporation,     MALPRACTICE; BREACH OF
14 |                                          FIDUCIARY DUTY; FRAUD; MONEY
   |                Plaintiffs,               HAD AND RECEIVED; UNJUST
15 |                                          ENRICHMENT; AND
   |          v.                              DECLARATORY RELIEF
16 |
   | TRAUNER, COHEN & THOMAS, LLP, a Georgia  DEMAND FOR JURY TRIAL
17 | limited liability partnership, and Does 1 through 10,
18 |                Defendants.

19

20

21 |     Plaintiffs Midland Credit Management, Inc. ("MCM"), Midland Funding, LLC, MRC

22 | Receivables Corporation, and Midland Funding NCC-2 Corporation (collectively the "MCM

23 | Account Owners") complain of defendants as follows:

   |                           NATURE OF THIS LAWSUIT
24
   |     1.     The MCM Account Owners bring this lawsuit to recover amounts paid to a law firm
25
   | that wrongfully obtained reimbursement for fees and court costs that the firm never incurred for
26
   | lawsuits that it had never filed. The MCM Account Owners also bring this lawsuit to seek damages
27
   | in connection with lawsuits that the law firm failed to timely file that are now barred by the statute of
28

                                    COMPLAINT

1   limitations, or that now have a diminished value because the possibility of collection, or the amount

2   that can be collected, has diminished with the passage of time.

3                                    **THE PARTIES**

4        2.      Plaintiff MCM is a Kansas corporation, with its principal place of business in San

5   Diego, California.

6        3.      Plaintiff Midland Funding, LLC is a Delaware limited liability company, with its

7   principal place of business in San Diego, California.  Midland Funding, LLC's sole member is

8   Midland Portfolio Services, Inc., a Delaware corporation, with its principal place of business in San

9   Diego, California.

10       4.      Plaintiff MRC Receivables Corporation is a Delaware corporation, with its principal

11   place of business in San Diego, California.

12       5.      Plaintiff Midland Funding NCC-2 Corporation is a Delaware corporation, with its

13   principal place of business in San Diego, California.

14       6.      Trauner, Cohen & Thomas ("Trauner")  is a Georgia limited liability partnership with

15   its principal place of business in Atlanta, Georgia.  Plaintiffs are informed and believe, and based

16   thereon allege, that all of Trauner's partners are citizens of Georgia.

17       7.      The MCM Account Owners are unaware of the true names and capacities, whether

18   individual, associate, partnership, corporate or otherwise, of the defendants fictitiously designated

19   herein as Does 1 through 10, and therefore sue those defendants by these fictitious names.  MCM

20   Account Owners will seek leave of Court to amend this complaint when the true names and

21   capacities of these fictitiously designated defendants have been ascertained.  The MCM Account

22   Owners are informed and believe, and on that basis allege, that Does 1 through 10, in some way

23   unknown to MCM Account Owners, are tortiously or otherwise legally responsible in some manner

24   for the occurrences alleged in this complaint and for plaintiffs' damages.

25       8.      MCM and Trauner entered into a written contract that this Court is an appropriate

26   forum for resolution of any disputes between them.  This written contract states in relevant part:

27   "The parties agree to the exclusive jurisdiction and venue of the applicable state and federal courts in

28   San Diego, California."

## FACTS

9.     MCM is a national debt collection company that, among other things, provides collection-related services to its affiliates.  As part of its collection efforts on behalf of the MCM Account Owners, MCM contracts with attorneys who are experts in filing lawsuits to collect debts.

10.     Trauner is a law firm that has represented the MCM Account Owners for several years.  MCM has placed numerous accounts with Trauner for the purpose of collection (the "Accounts").

11.     On September 1, 2004, Trauner, through its partner Russell S. Thomas, entered into a Collection Agreement with MCM (the "2004 Agreement").  Pursuant to the 2004 Agreement, MCM engaged Trauner to collect debts owed to MCM's clients.  The following are the relevant provisions of the 2004 Agreement:

> This Collection Agreement ("Agreement") is entered into as of Sept. 1, 2004 by and between Midland Credit Management, Inc. ("MCM"), with its principal place of business located at 5775 Roscoe Court, San Diego, California 92123, and Trauner, Cohen and Thomas, L.L.P. (the "Firm"), with its principal place of business located at 2880 Dresden Drive, Atlanta GA 30341.
>
> Now, therefore, MCM and the firm, for the benefit of themselves, hereby agree as follows:
>
> . . .
>
> 2.2.1   Manner of Collection.  In accepting the placement of Accounts from MCM, the Firm agrees to abide by and conduct collection activities in a manner consistent with, the Procedures as revised from time to time, and all applicable local, state, and federal laws and regulations. . . .
>
> . . .
>
> 2.4.2   Daily Reporting.  The Firm will successfully upload, at least once a day on which the Firm is open for business, all information regarding any activity and/or transaction that occurs during that work day or the previous day on any Account received by the Firm from MCM, whether that Account is being handled by the Firm

1    or another law firm or attorney on the Firm's behalf, regardless of the jurisdiction.

2    The activities and/or transactions that are to be updated for each Account include, but

3    are not limited to communications or attempted communications between the Firm

4    and the Debtor and/or others, the date legal action is filed by the Firm and/or the

5    Debtor, the court in which any legal action is filed, case numbers, service dates,

6    judgment dates, post-judgment remedies and the date such items or activities are filed

7    and/or conducted, payment information and the application of payments received by

8    the Firm from or on behalf of the Debtor, and Court Costs.  The Firm also agrees to

9    utilize MCM's Daily Invoicing Report, as part of its confirmation process relating to

10   the successful daily upload of activity and payments, to confirm that those amounts

11   the Firm believes were transmitted to MCM were received by MCM as part of each

12   daily upload.  In the event the Firm believes there exists, or becomes aware of, one or

13   more discrepancies between what the Firm believes was transmitted to MCM and

14   what MCM received, the Firm is to contact MCM's Financial Process Analyst to

15   discuss and resolve the apparent discrepancy within 24-hours of discovery.

16   . . .

17   3.1   Establishment of Segregated Account.  The Firm will establish and maintain a

18   restricted account with a financial institution of the Firm's choosing, at the Firm's

19   sole expense, for the deposit of all Proceeds received by the Firm from or on behalf of

20   a Debtor.  The Firm agrees to deposit all funds received into the segregated account

21   maintained pursuant to this paragraph within twenty-four (24) hours of receipt of

22   those funds by the Firm.  In establishing and maintaining the segregated account, the

23   Firm will take any steps necessary to permit the withdrawal by MCM, via electronic

24   funds transfer, of proceeds due MCM from that segregated account on a weekly basis.

25   The Firm is responsible for correctly posting the Gross Proceeds to the respective

26   Accounts and will promptly make any necessary corrections upon notification by

27   MCM.

28   . . .

3.3    Error Handling. On at least a daily basis, the Firm will confirm that all Net Proceeds remitted to MCM the prior day have not been returned to the firm for additional handling or correction of errors in the processing of those remittances. In those cases in which a remittance has been returned to the Firm, the Firm will correct the errors and remit the corrected amounts to MCM within 24-hours of the return to the Firm of those Proceeds.

3.4.1    Standard Collection Commissions. With respect to those Accounts for which the Firm receives payment from the Debtor, whether through voluntary or involuntary processes, the Firm is entitled to a Commission for services performed on behalf of MCM in the collection of Accounts, calculated as a percentage of the amounts collected on each Account. Expenses such as postage, copying, and other expenses may not be deducted from Gross Proceeds prior to calculating Net Proceeds to MCM, and are the sole responsibility of the Firm unless otherwise agreed to as a reimbursable expense in writing signed by the Director, Legal Outsourcing, or an officer of MCM on behalf of MCM. The firm will first reimburse MCM for all Court Costs prior to determining and deducting the Firm's Commission at the Account level from the remittances to MCM at the Firm level. The Firm understands and agrees that MCM may modify the Commission from time to time throughout the term of this Agreement, and further agrees to be bound by the new Commission as modified. It is understood and agreed that MCM will provide no less than thirty (30) days notice of any changes to the Commission prior to the date the changes are to become effective.

3.4.2    Court Cost Handling. Court Costs will be advanced by the Firm. Prior to incurring any court Costs, the Firm will evaluate each Account for which Court Costs are to be incurred to ensure, to the extent practicable, that the Firm is not expending Court Costs on an Account that is uncollectible. If the Firm fails to evaluate accounts prior to filing suit and incurring Court Costs, and MCM terminates this Agreement based upon a lack of Firm performance, the Firm is responsible for paying any accumulated Court Cost deficit through continued collection activity on the Accounts

for which those Court Costs have been incurred. This situation constitutes a limited exception to the provisions set forth at Paragraphs 3.4.4 and 3.4.5 regarding the Firm's right to reimbursement of Court Costs upon termination of this Agreement.

. . .

3.4.4   Recall or Return of Accounts. With respect to those Accounts returned to MCM for any reason, including but not limited to death of the Debtor, bankruptcy of the Debtor, or recall of the Account(s) by MCM, the Firm is not entitled to any Commission or charge of any kind. However, the Firm will be entitled to reimbursement of Court Costs incurred in pursuing the recalled Account(s) and the Commission for all Proceeds received by the Firm prior to receipt of notice of the Debtor's death, bankruptcy, or MCM's intent to recall the Account(s).

. . .

4.1   Term. The term of this agreement is one (1) year, and will continue thereafter until terminated. This agreement may be terminated for any reason by either party upon one hundred eighty (180) days prior written notice to the other. . . .

. . .

6.2   Audit. The Firm agrees that MCM has the right, during normal business hours, with or without prior notice, to review, audit, and/or copy any and all documents maintained by the Firm with respect to the Account(s). The Firm agrees to cooperate with MCM in the conduct of an audit and to provide MCM with access to all Accounts, equipment, staff, or other resources without charge to MCM.

. . .

6.7   Applicable Law. This Agreement is governed by, and is to be interpreted consistent with, the laws of the state of California, without regard to conflicts of law provisions.

12.     On May 6, 2006, Trauner, through its partner Russell S. Thomas, entered into a Collection Agreement with MCM (the "2006 Agreement"). The 2006 Agreement superseded the 2004 Agreement (the 2004 Agreement and the 2006 Agreement collectively are referred to as the

1   "Collection Agreements").  Midland Funding, LLC, MRC Receivables Corporation, and Midland

2   Funding NCC-2 Corporation are expressly designated as third-party beneficiaries under the 2006

3   Agreement.  Pursuant to the 2006 Agreement, MCM, on behalf of the MCM Account Owners,

4   engaged Trauner to collect debts owed to the MCM Account Owners.  The following are the

5   relevant provisions of the 2006 Agreement:

6       This Collection Agreement (together with its exhibits and other documents expressly

7       incorporated herein by reference, collectively, this "Agreement") is entered into this 6

8       day of May, 2006 (the "Effective Date"), by and between Midland Credit

9       Management, Inc. ("MCM"), with its principal place of business located at 8875 Aero

10      Drive, Suite 200, San Diego, California 92123, and Trauner, Cohen & Thomas (the

11      "Firm"), with its principal place of business located at 2880 Dresden Dr., Atlanta, GA

12      30341.

13      . . .

14      Whereas, the Firm acknowledges and agrees that the MCM Owners shall be third

15      party beneficiaries to this Agreement.

16      Now, therefore, in consideration of the premises, mutual covenants and promises

17      contained herein, and other good and valuable consideration, the receipt and

18      sufficiency of which are hereby acknowledged, the parties, intending to be legally

19      bound, hereby agree for themselves and the benefit of the MCM Owners, as follows:

20      . . .

21      2.2.1   Manner of Collection.  In accepting the placement of Accounts from MCM,

22      the Firm shall abide by, and conduct all of its activities in a manner consistent with

23      the then current Procedures and all applicable local, state, and federal laws, rules and

24      regulations including, without limitation:  (i) complying with the Fair Debt Collection

25      Practices Act, as amended, The Right to Financial Privacy Act of 1978, as amended,

26      the Fair Credit Reporting Act, as amended, Gramm-Leach-Bliley Act, as amended,

27      the rules adopted under each such statute and any and all applicable state and local

28      laws and rules regarding Firm's and MCM's debt collection activities, including, but

not limited to late fees and interest, and (ii) avoiding threatening or implying that the Firm will take action that it does not intend to take or cannot take. . . . It is the Firm's sole responsibility and obligation to ensure that any suit filed in connection with an Account is brought in the name of the real party in interest (i.e., either in the name of the respective MCM Owner, or MCM only in the event a lawsuit is permitted to be brought in the name of a collection agency).

. . .

2.4.1   Insurance Coverage. Throughout the term of this Agreement and for a minimum period of two years thereafter, the Firm shall maintain Malpractice/Errors & Omissions insurance in an amount not less than $1,000,000 per occurrence and $1,000,000 in aggregate annually, which insurance shall name MCM and the MCM Owners as loss payees. The firm will place the insurance policies listed above with insurance companies who are licensed to do business in the Firm's states of operation and whose financial condition, policy forms, and deductibles are acceptable to MCM. All policies will contain the following provision: "This policy will not be modified by any endorsement which restricts of reduces the required coverage." The firm will immediately inform MCM in the event such insurance is cancelled, whether voluntarily or involuntarily, and a similar policy does not become effective on or before the date of cancellation. Upon the request of MCM, the firm shall provide MCM with certificates of insurance evidencing proof of coverage in conformity with this Section.

2.4.2   Daily Reporting. The Firm will successfully upload, at least once each business day, all information regarding any activity and/or transaction that occurs during that workday or the previous day on any and all Accounts, whether the Account is being handled by the Firm, a Third Party, or another law firm or attorney on the firm's behalf regardless of the jurisdiction. The activities and/or transactions that are to be updated for each Account include, but are not limited to, communications or attempted communications to or from the Debtor and/or others on

behalf of the Debtor or in connection with the Account, the date any legal action is

filed by or against the Debtor or in connection with an Account, the court in which

any legal action is filed, case numbers, judgment dates, post-judgment remedies

attempted and the date each items or activities are filed and/or conducted, payment

information and the application of payments made by or on behalf of the Debtor,

Court Costs, designation of the appropriate and current YGC Status Codes provided

to Firm by MCM, a listing of and the corresponding Closing Codes for any Accounts

closed or recalled hereunder, and any other information reasonable requested by

MCM. The Firm also agrees to utilize MCM's Financial Reports, as part of its

confirmation process relating to the successful daily unload of activity and payments,

to confirm that those amounts the Firm believes were transmitted to MCM were

received by MCM as part of each daily upload. In the event the Firm believes there

exists, or becomes aware of, any discrepancies in postings or remittances and any

other matters arising out of or relating to this Agreement, the Firm shall immediately

contact MCM to discuss and resolve all actual or apparent discrepancies within 24-

hours of discovery.

. . .

2.4.5   <u>Record Keeping</u>. The Firm agrees to maintain true, complete and accurate

records, instruments, agreements, correspondence and other documentation,

irrespective of the medium held, received or generated for a period of seven (7) years

on all matters and activities: (i) related to or arising in connection with each Account;

and (ii) arising out of or relating to this Agreement.

. . .

3.1   <u>Establishment of Segregated Account</u>. The Firm will establish and maintain

in the name of MCM a restricted and segregated account with a federally insured

financial institution of the Firm's choosing (the "Segregated Account"), at the Firm's

sole expense, for the deposit of all Proceeds received by the Firm on all Accounts.

3.2   <u>Posting and Accounting of Proceeds</u>. The Firm agrees to deposit all Proceeds

DICKSTEIN
SHAPIRO LLP

DOCSLA-43746

1    into the Segregated    within twenty-four (24) hours of the receipt thereof by

2    the Firm. In establi   maintaining the Segregated Account, the Firm will take

3    all steps necessary    the withdrawal, from time to time at MCM's sole control

4    and discretion, by    electronic funds transfer or as otherwise stipulated by

5    MCM, of all    ined in the Segregated Account. The Firm hereby

6    expressly authorize   to initiate electronic credit and debit entries for all monies

7    contained in the Se   Account from time to time. No Commissions, Court

8    Costs or other amoun   the Firm may at anytime or under any circumstance be

9    withdrawn from the    ated Account, and without limiting the generality of the

10    foregoing, the Firm    ledges that it shall not be entitled to take any set-off

11    against any Proceed   oever. Unless otherwise instructed by MCM, or

12    prohibited by law,    ds received by the Firm are to be applied against the

13    amounts due in an    nt first against Court Costs, then against interest, followed

14    by principal and foll   Attorney's Fees.

15    3.3    Report   Handling. The firm is responsible for: (i) correctly

16    posting all Proceed   Segregated Account; (ii) calculating and reporting to

17    MCM on a daily ba   eakdown on an Account by Account basis of (a) Proceeds

18    received and Court    paid, and (b) Commissions due in connection therewith;

19    (iii) assigning the p   coding in connection with each posting; and (iv) making any

20    necessary correction   thin twenty-four (24) hours of its own discovery thereof or

21    notification by MCM   m time to time, MCM will prepare and deliver to Firm an

22    exception report id   ing any open or outstanding issues or discrepancies arising

23    out of any Account    report relating thereto.

24    3.4.1    Standard C   on Commissions. With respect to those Accounts for which

25    the Firm receives C   issionable Collections, whether through voluntary or

26    involuntary payment   he Firm is entitled to a Commission (less any taxes, if any,

27    due and payable by MCM on such Commission) for services performed based on the

28    Commissionable Collections while such Accounts are placed with the Firm. The

1  payment of          ccordance with the percentages and categories set forth

2  in Exhibit "          this reference made a part hereof) will be the only form

3  compensati    fe       of any kind whatsoever owed or payable to the firm

4  under this Agree         y and all expenses such as postage, copying, and any

5  other costs  except    ts to the limited extent provided for herein), taxes

6  (including,  thou    ta    , any income, sales, service or use taxes) and other

7  expenses a          r suffered in connection with the Agreement or any

8  Third Party          ly by the Firm and may not be deducted or set-off, for

9  any reason,   in     s or any other amounts otherwise recovered in

10 connection  th a        or this Agreement.  Commissions earned will be paid

11 by MCM,  elec         s transfer or check, no more than two (2) weeks after the

12 applicable transac     s    aded by the Firm to MCM and successfully processed by

13 MCM. Th            s and agrees that MCM may, in its sole discretion,

14 modify the            s and amounts from time to time throughout the Term of

15 this Agreem  t,         agrees to either be bound by such new Commission terms

16 and amount  as          terminate this Agreement in accordance with provisions

17 set forth be w. 1      ood and agreed that MCM will provide no less than

18 thirty (30) days n  of         y modifications to the Commission terms or rates prior to

19 the date th  o         e to become effective, upon receipt of which the Firm

20 shall have    (1        otify MCM in writing of its rejection thereof, and its

21 intent to ter  na         ement. The effective date of such termination shall be

22 determined  y MC         ole discretion, albeit under the existing Commission

23 terms and amounts

24 3.4.2  Court Cos     adi   .  Court Costs will be advanced by the Firm and

25 reimbursed   MC         ectronic funds transfer or check, no more than two (2)

26 weeks after  e ap       ransaction is uploaded by the Firm to MCM and

27 successfully proces       MCM.  Prior to incurring any Court Costs, the Firm will

28 evaluate each Acc        vhich Court Costs are to be incurred to ensure that the

DICKSTEIN
SHAPIRO LLP

11
COMPLAINT

DOCSLA-43746

1    Fir...                    ...nable C... osts on an Account that is un...lectible.

2    If th...  ...              ...ccounts p... to incurring Court Costs or ...CM

3    dete... ...               ...ing unre...able Court Costs, and MCM ...minates

4    this ...                  ...nance of ... obligation, the Firm shall n...is entitled to

5    rei... ...                ...Costs in co...ection with such Accounts, ...all remit to

6    MC... ...                 ...any Court C...sts in connection with such Account

7    alre... ...               ...e responsib...for ongoing Court Costs in c...nection with

8    con... ...                ...s on such A...ounts. This situation constitu...s a limited

9    exe... ...                ...t forth in ...tions 3.4.3 and 4.2 regarding ...e Firm's

10   righ...                   ...urt Costs ... termination of this Agreem...t.

11   3.4...                    ...ccounts. ...h respect to those Accounts re...rned to

12   MC... ...                 ...ing but no...limited to death of the Debtor, ...nkruptcy of

13   the ... ...               ...count(s) ... MCM, the Firm shall not be ...itled to

14   pay... ...                ...n whatsoever, other than: (i) reimbursement of Court

15   Co...  ...                ...n set forth ...ection 3.4.2, properly incurred on such

16   Acc... ...                ...of notice o...the Debtor's death, the Debtor's bankruptcy,

17   or M... ...               ...e Accounts, ...nd (ii) payment of earned C...mmissions

18   on C... ...               ...ons received by the Firm prior to its receipt of notice of

19   the ... ...               ...or's bankruptcy, or MCM's intent to recall the

20   Acc...(...)

21   . . .

22   4.1                       ...is Agreement shall be for an initial one (1) year period

23   start... ...              ...e, and shall thereafter automatically renew for

24   cons... ...               ...iods (collectively the "Term"), unless earlier terminated

25   purs... ...               ... This Agreement may be terminated for any or no reason

26   by either ... ...         ...n: (i) the provision of written notice given thirty (30)

27   days prio... ...          ...e initial or any renewal term; (ii) the mutual consent of

28   the part... ...           ...date mutually agreed upon; or (iii) the provision of one

1    hund                          [o]r writ[ten] [noti]ce to the other party. . . .

2    . . .

3    6.2                          [. . . provid]es that [MC]M shall have the right from ti[me] [t]o time,

4    durin[g]                     [. . .] with c[. . .] [a]n[d] prior notice, to review, [ins]pect, audit,

5    and/[o]                      [. . . docu]ments m[ainta]i[n]ed by the Firm with respe[ct to the]

6    Acco                         [. . . The Firm coop]era[tes] [w]ith MCM in the conduct o[f an] audit and

7    to pr[ovide]                 [. . . access] to all A[ccount]s [a]nd records and informa[tion] relating

8    there[to]                    [. . .] [t]o other re[so]ur[c]es without charge to MCM. [If any] audit

9    conc[ludes]                  [that the Firm is not] i[n] compli[an]ce [w]ith [t]he terms and condition[s of t]his

10   Agre[ement]                  [. . .] Invoice[. . .] [Fir]m [f]or any and all expenses [an]d fees

11   incu[rred]                   [. . . in connec]tion wi[th] [the di]scovery of any noncompli[ance . . .]

12   Not[withstanding]            [. . . anything co]ntained [in this] Agreement to the contrary, [MCM] shall

13   reta[in]                     [. . . all] liable [at . . . la]w or in equity or under thi[s] [Ag]reement.

14   . . .

15   6.7                          [Governing La]w[s]. Th[e] [la]w[s] of the state of California, w[ith]out regard to

16   con[flict]                   [. . .] [g]overn a[ll] [m]a[tt]ers arising out of or relatin[g to] this

17   Agr[eement]                  [. . . includi]ng [bu]t [not] limited [to] i[t]s validity, interpretation, co[nstr]uction,

18   per[formance]                [. . .] [enforceme]nt. The [partie]s agree to the exclusive juri[sdic]tion and

19   ven[ue]                      [. . . state] and fe[deral c]ourts in San Diego, Californ[ia . . .]

20   6.8                          [Third Party Bene]ficiari[es]. Th[i]s A[gr]eement shall not conf[er an]y rights or

21   ren[edies]                   [. . . upon any party or entit]y, exce[p]t th[e] M[C]M Owners and their re[spe]ctive

22   suc[cessors]                 [. . . shall not] be thir[d p]art[y] beneficiaries; . . .

23   . . .

24   6.1[1]                       [. . .] Unless [. . . cons]ented to in writing by MC[M,] [th]e Firm

25   agr[ees]                     [. . . to not create o]r su[ff]er t[o] exist in favor or [i]tself or an[y T]hird Party,

26   any                          [. . . lien, s]ecurity [int]erest, assignment, transfer or other encumb[ra]nces upon

27   an[y]                        [. . . includi]ng, but n[o]t limited to, the records and Pro[ce]eds relating

28   or [. . .]                   [. . . the]rewith; a[nd] (i[i]) accept or receive or agree [to] accept or

1    rec... ... ... ... commission, compens... ...ckback

2    or ... ... ... ...ail... ...g to or arising out of, th... ...e ...ant.

3    13.

4    Sho... ... ... ...ad... g any proceedings in b... ...y court)

5    bet... ... ... ...es concerning any pr... ... ...n of this

6    Ag... ... ... per... on or entity hereunder, ...e ...vailing

7    part... ...all... ... ... in ...dition to such other rel... ...s ...ay be

8    gra... ... ... fe... c... ...d costs resulting from ... ... ...d to such

9    litig

10    14. ... ... ... ...ar ...Trauner agreed to con... ... ...collection

11    activities "... ... ... ...g...ocedures] as revised fr... ...ime to time, and all

12    applicable... ... ...av... ... ...ie...a...."

13    15. ...tio...ith ...Trauner often filed lawsuits a... ...t debtors on behalf

14    of the MCM ... ...a... ... ...ll...tion Agreements, court ... ...or such filings

15    were to be ... ... ... ...M... reimbursement.

16    16. ... ...nt ...Trauner established a ... ...ed account (the

17    "Segregated... ... ... ...e proceeds collected by T ... ...on the Accounts

18    ("Proceeds"... ...pe... ...eds into the Segregated Ac... ...thin 24 hours of

19    receipt of th...

20    17. ...n... ... ...e... Trauner's overall perf... ...nce. In particular,

21    MCM note... ... ... ...ed ...rtain lawsuits had be... ..., those lawsuits

22    were not pr... ... ...... ...a... ...rate that Trauner prev... ...ly had achieved.

23    As a result ... ... ...i p... ...ts ...nts with Trauner in Oc... ...r 2008.

24    18. ...6, ...007, ...f conducted an audit of Trau...r's records related to

25    Trauner's h... ...s. The ...a ...tinued through early July 2... ..., when Trauner

26    withheld ke... ... ...As ...t ...he ...udi, MCM obtained 30 bo... of files for which

27    Trauner had ... ... ...mb... ...of court costs for lawsuits ... ...had never been

28    filed. From ... ...ded ...ha...er received funds to which i... ...as not entitled to

DICKSTEIN
SHAPIRO LLP

4

...LAINT

1   receive in a ... MCM also learned ... audit that a

2   number of ... may now be barred ... relevant statute of

3   limitations ... (b) the possibility of ... or the amount

4   that can be ... passage of time.

5   19. ... IMPORTANT BULLE ... all clients,

6   including t ... NT BULLETIN" sta ...

7   We ... are of a problem.  In ... d to

8   the ... suits that have not ye ... ded

9   as ... vestigate this matter, ... will

10   kee ... in the near future.  It is ...

11   inte ... the funds we have rec ...

12   the ... Hs.  We take this matter ...

13   seri ... vi additional information ...

14   appr ... these issues.

15   A true and ... LI TIN" is attached here ... hibit C

16   and incorp...

17   20. ... nt July 14, 2009.

18   G ACTION

19   ... em d) against **Trauner** ...

20   21. ... by ... he allegations containe ... ragraphs 1

21   through 20 ...

22   22. ... d ... orceable contract bet ... CM and

23   Trauner.

24   23. ... s the 2004 Agreement i ... manner

25   specified by ...

26   24. ... A nt ..., among other things, ... g lawsuits as

27   filed that we ... in payment for costs th ... ually had not

28   incurred, fail ... ed, failing to timely an ... ately remit

DICKSTEIN
SHAPIRO LLP

1  funds c... transactions in the Seg... account.

2  2.  ...lt of Trauner's breache... Collection

3  Agreeme...

4  ... OF ACTION

5  ...Agreement) against Tr...

6  ...count Owners)

7  26. ...ncorporate the allegation... ...ned in

8  paragraph...

9  27. ...enforceable contract be... ..MCM and

10  Trauner.

11  28. ...erms of the 2006 Agree... the manner

12  specified...

13  29. ...party beneficiaries of th... Agreement.

14  30. ...t by, among other things... ...ting lawsuits as

15  filed that... ...ning payment for costs... ...ally incurred by

16  Trauner, f... ...n filed, failing to timely... ...arately remit

17  funds coll... ...conducting improper tra... ...s in the

18  Segregate...

19  31. ...ered damages as a resul... ...ner's breaches

20  of the Coll... ...).

21  ... OF ACTION

22  (N ...auner by the MCM Ac... ...wners)

23  32. ...corporate the allegation... ...ned in

24  paragraphs ...) ...mplaint as if fully set for... ...n.

25  33. ...ount Owners to exercise... ...able care and

26  skill and to ... ...on of the Accounts.

27  34. ...ar other things, failing to f... ...s that may now

28  be barred b ...ng the filing of cases su... ...the possibility of

| Function | Estimated Value | Name | Type | SN/Tag | Location Notes | JPC Notes |
|---|---|---|---|---|---|---|
| Firewall | $250 - $500 | Fortigate 100A | Firewall | FG100A3908503049 | 1E | |
| Switch | $10 | Unit Switch | Switch | Switch 16 port | 1A | |
| Backbone Switch | $100 - $250 | Core Switch Dell PC 3224 | Switch | GriDKN21 | 1A | |
| Collect America Network | $10 | D-Link DES-1009G | Switch | Alt Internet | 1A | |
| KVM | $50 - $100 | Prima-16 16 Port KVM | KVM | | 1A | |
| Hubbard backup | $50 - $150 | Sony AIT SDX-D700C 1CT | Backup | UHOST1 | 1A | |
| Desktops Switch | $50 - $100 | Dell PC 2224 | Switch | 7G3... | 1B | |
| Desktops Switch | $50 - $100 | 3COM Superstack 3 | Switch | 03C0/7MFF019519 | 1B | |
| Desktops Switch | $50 - $100 | 3COM Superstack 3 | Switch | 03C0/7MFF020661 | 1B | |
| Desktops Switch | $15 - $30 | Dell PC 2024 | Switch | 3DJ9331 | 1C | |
| Desktops Switch | $15 - $30 | Dell PC 2224 | Switch | 4GKWV91 | 1C | |
| Collect America Network | Unknown | SG8100 - CA | Firewall | ATT2548615 | 1C | |

FAX 678-808-3323

Will Put Price on ?. ?

| Collect America Network | 0 | Paradyne iMarc SLV-CA | CSU/DSU | ATT2163326 | 1C | |
|---|---|---|---|---|---|---|
| Collect America Network | $50-$100 | | | | | |
| | | | | | | |
| | | | | | 1C | |
| | | | | | | |
| Not in use | 0 | ...hotics Modem | | | | |
| Temperature | $50-$150 | Sony Stor Station 81A3 | Switch | Temperature | 1A | |
| Security | 0 | Dish Satellite - IT | Security | 02468004 | 1A | |
| | | | | | | |
| Security | 0 | Dish Satellite - Breakroom | Security | | 1A | |
| | | | | | | |
| Desktops Switch | | | | | | |
| Hot in use | $25-$50 | CoolMax DVD Burner | Backup | AS0107024836 | 1C | |
| Desktops Switch | $15-$30 | Cisco Catalyst 2924XL - CA | Switch | FA60403W005 | 1D | C0505425233CO |
| Desktops Switch | $15-$20 | 3COM Superstack 3 - CA | Switch | C3CO/7...FF019452 | 1D | |
| Desktops Switch | $15-$30 | 3COM Superstack 3 - CA | Switch | 0300/7MFF001922 | 1D | |
| Desktops Switch | $15-$30 | Dell PC 2224 - CA | Switch | 3W0H5B1 | 1D | |

| | | | | | |
|---|---|---|---|---|---|
| Old Dialer Share | 0 | ACCESSDB | Server | ASUS | 2C |
| Not in use | 0 | TrendNet Switch 4 | Switch | | 2C |
| Not in use | 0 | TrendNet Switch 8 | Switch | | 2C |
| Not in use | 0 | Compac E10 | | | - |

T: COURT O .A .B N

Decatur, Geor 0 0-

Gordon C. Tomli                                          ;te
The Tomlinson L  ff llc
6050 Peachtre  y
Suite 240-111
Norcross, Ga 3

Greetings:

You are hereb:  d  set all other       id
to appear at th  re n of Judge E a    l ob!
located in cour  C  d Floor floor,    al  nty
Courthouse. 55  1  onough Street,     3  30
for the following 

Case Style: C  5  - Arrow Finan   s J  t an
Event Type: f  p  y Calendar
Event Date: (  r 2009
Event Time: 5

Sincerely,

Betty Sanders
State Court o  ounty

COURT C        A        JN

Decatur, Geor          '  1.

Gordon C. To                                    .er
The Tomlinsc           llc
6050 Peacht
Suite 240-1
Norcross, Ga

Greetings:

You are here          set all othe          3          |
to appear at          of Judge             f
located in co          d Floor R.          .nt)
Courthouse,           ,nough Street,           )30
for the followi

Case Style:          . Cach Llc V          :
Event Type:          :lendar
Event Date:          2009
Event Time:

Sincerely,

Betty Sando
State Court           ,ounty

**COURT** ... CK... UN

Decatur, ... 30 ...6

Gordon C. T...
The Tomlins...          ...llc                                              ...er
6050 Peach...
Suite 240-1...
Norcross, G...

Greetings:

You are he...          ) set all oth...  ...es...        d
to appear ...          m of Judge...   M...
located in c...         ...d floor, a...  ...(all
Courthouse...           ...enough Su...  ...cat...   ...003(
for the follo...

Case Style...          - North Star...  al ...    ...ulver...
Event Type...          y Calendar...
Event Dat...           ..., 2009
Event Tim...

Sincerely,

Betty Sand...
State Cou...              ...ounty

MEMBERS       THE        AC
STAT          RT         LI
EMPTC         LE         VI
JUD           N          O

The foll...         rise the Pe    tory     r, v    11.      riday, October

**23, 2009 at 2:00** .r         ...B on th    oor     al         udicial Tower.

All part... n         ourt to    e      t        plaintiff to

appear will res...         being disr    .    e        l result in any

counterclaim being d         . the answer    ; st    m    tif    urt Rule 20.

Parties            proceed c    e ca    pr        .1      .00 stipulation

fee to a trial ca...         tory cale    cal

*Dismiss* ...         or to c li    e        ur        *st be in*

**WRITING** *and* **F...**         clerk's c    24    do    **2**      *alendar in*

*order to be ef...*         ...nces w li    inte    ...        *e* court for

legal cause sho         ...d be handl    rea            le 17.2.

For any  f...         ng this ca'    ...        ...      ...ndar

Coordinator at (0...         mail es me    ee.    s.

**IT IS SO** ...

**This** 26 ...         ...9.

# Exhibit "B"

1   K. Lynn Finateri Silbiger (SBN 196488)
    HAWKINS, PARNELL & THACKSTON, LLP
2   444 South Flower Street – Suite 1100
    Los Angeles, California 90071
3   Telephone:    (213) 486-8000
    Facsimile:    (213) 486-8080
4   Email: *lfinateri-silbiger@hplegal.com*

5   Attorney for Defendant
    TRAUNER, COHEN & THOMAS, LLP
6

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                        **FOR THE COUNTY OF SAN DIEGO**
9

10

| 11 | MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; MIDLAND FUNDING, LLC, a Delaware limited liability company; MRC RECEIVABLES CORPORATION; a Delaware corporation; and MIDLAND FUNDING NCC-2 CORPORATION, a Delaware corporation, | Case No. 37-2009-00097745-CU-PN-CTL |
|---|---|---|
| 12 | | |
| 13 | | |
| 14 | | **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** |
| 15 | Plaintiffs, | |
| | v. | |
| 16 | TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability partnership, and Does 1 through 10, | |
| 17 | | |
| 18 | Defendants. | |

19       NOTICE IS HEREBY GIVEN that Trauner, Cohen & Thomas, LLP, Defendant in the

20  above-styled action, has filed in the United States District Court for the Southern District of

21  California, a Petition for Removal of said action to the United States District Court in accordance

22  with the provisions of 28 U.S.C. §§ 1441, 1446 attached hereto and made part hereof is a true

23  copy of said petition for removal [without exhibits] as **Exhibit A.**

24

25  DATED:  October 2, 2009.                    HAWKINS, PARNELL & THACKSTON, LLP

26

27                                             By: K. Lynn Finateri Silbiger (SBN 196488)
                                                   Attorney for Defendant
28                                                 TRAUNER, COHEN & THOMAS, LLP

---

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

# VERIFICATION

1  K. Lynn Finateri Silbiger (SBN 196488)
   HAWKINS, PARNELL & THACKSTON, LLP
2  444 South Flower Street – Suite 1100
   Los Angeles, California 90071
3  Telephone:    (213) 486-8000
   Facsimile:    (213) 486-8080
4  Email: *lfinateri-silbiger@hplegal.com*

5  Attorney for Defendant
   TRAUNER, COHEN & THOMAS, LLP

6

7

8                    **UNITED STATES DISTRICT COURT**
                     **SOUTHERN DISTRICT OF CALIFORNIA**
9

10

11 MIDLAND CREDIT MANAGEMENT, INC., a
   Kansas corporation; MIDLAND FUNDING, LLC,
12 a Delaware limited liability company; MRC        CIVIL ACTION FILE
   RECEIVABLES CORPORATION; a Delaware             NO. _____
13 corporation; and MIDLAND FUNDING NCC-2
   CORPORATION, a Delaware corporation,
14                                                  **VERIFICATION**
                            Plaintiffs,
15
   v.
16
   TRAUNER, COHEN & THOMAS, LLP, a Georgia
17 limited liability partnership, and Does 1 through 10,

18                          Defendants.

19
   STATE OF CALIFORNIA          )
20                              )       SS:
   COUNTY OF LOS ANGELES        )
21

22          Personally appeared before me, the undersigned officer of said state and county, duly

23 authorized by law to administer oaths, K. Lynn Finateri Silbiger who, being first duly sworn,

24 deposes and says under oath that she is an attorney for Trauner, Cohen & Thomas, LLP, and that

25 the contents and the statements and allegations contained in the within and foregoing Notice of

26 Removal are true to the best of her knowledge and belief.

27

28

                                    VERIFICATION

1   FURTHER AFFIANT SAYETH NOT.

2                        DATED this _2nd_ day of _October_, 2009.

3

4                        K. Lynn Finateri Silbiger

5   State of California

6   County of Los Angeles

7   Subscribed and sworn to before me on
this 2nd day of October, 2009, by

8   K. Lynn Finateri Silbiger, proved to me on the
basis of satisfactory evidence to be the person

9   who appeared before me.

10

11   Notary Public – Margaret J. Rudder

12

          MARGARET J. RUDDER
          Commission # 1670680
          Notary Public - California
          Los Angeles County
          My Comm. Expires Jun 25, 2010

13   My Commission Expires: June 25, 2010

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAWKINS, PARNELL &
THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

VERIFICATION

10488264v.1

1    K. Lynn Finateri Silbiger (SBN 196488)
     HAWKINS, PARNELL & THACKSTON, LLP
2    444 South Flower Street – Suite 1100
     Los Angeles, California 90071
3    Telephone:    (213) 486-8000
     Facsimile:    (213) 486-8080
4    Email: *lfinateri-silbiger@hplegal.com*

5    Attorney for Defendant
     TRAUNER, COHEN & THOMAS, LLP
6

7

8                    **UNITED STATES DISTRICT COURT**
                     **SOUTHERN DISTRICT OF CALIFORNIA**
9

10

| 11 | MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; MIDLAND FUNDING, LLC, a Delaware limited liability company; MRC RECEIVABLES CORPORATION; a Delaware corporation; and MIDLAND FUNDING NCC-2 CORPORATION, a Delaware corporation, | CIVIL ACTION FILE NO. _____ |
|----|----|----|
| 14 | | **CERTIFICATE OF SERVICE** |
| 15 | Plaintiffs, v. | |
| 16 | TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability partnership, and Does 1 through 10, | |
| 18 | Defendants. | |

19      This is to certify that I have this date served a copy of the foregoing **PETITION FOR**

20   **REMOVAL** by depositing a true and correct copy of it in the United States mail with adequate

21   postage affixed thereon, addressed as follows:

22                            Kirk A. Pasich
23                          Steven P. Inman, II
                           DICKSTEIN SHAPIRO LLP
24                      2049 Century Park East – Suite 700
                        Los Angeles, California 90067-3109
25

     DATED:  October ⸍2⸍, 2009.          HAWKINS, PARNELL & THACKSTON, LLP
26

27                                       By:  K. Lynn Finateri Silbiger (SBN 196488)
                                              Attorney for Defendant
28                                            TRAUNER, COHEN & THOMAS, LLP

                                    4

                          PETITION FOR REMOVAL                    10488232v.1

Midland Credit Management, Inc, et al. v. Trauner, Cohen & Thomas et al.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

     I declare that I am employed by Hawkins, Parnell & Thackston, LLP.  I am over the age of eighteen years and not a party to the within cause; my business address is 444 South Flower Street, Suite 1100, Los Angeles, California 90071-2901.

     On the date set forth below, I served the foregoing document(s) described as:

### PETITION FOR REMOVAL

     On the parties in said cause.

Kirk A. Pasich
Steven P. Inman, II
DICKSTEIN SHAPIRO, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

[X]    **BY MAIL**: by enclosing a true copy thereof in a sealed envelope and, following ordinary business practices, said envelope, with postage pre-paid, was placed for mailing and collection (in the offices of Hawkins, Parnell & Thackston, LLP) in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on the same day.

[ ]    **BY FACSIMILE**:  by facsimile to the facsimile number(s) of the offices of the addressee(s) as indicated above.  Fax service is equivalent to personal service pursuant to Trial Setting Order.

[ ]    **BY PERSONAL SERVICE:**  by enclosing a true and correct copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on this day by courier service following ordinary business practices.

     I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 2, 2009, at Los Angeles, CA.

_Charman Bee_
_____
Signature

_____
**Charman Bee**
Print Name

1

PROOF OF SERVICE

10446489v.1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MIDLAND CREDIT MANAGEMENT, INC., ET AL.

**DEFENDANTS**
TRAUNER, COHEN & THOMAS, LLP

FILED

**(b)** County of Residence of First Listed Plaintiff  San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant 2009 OCT -5 AM 11: 34  Fulton County

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

'09 CV 2187 H  RBB

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kirk A. Pasich and Steven P. Inman, II
Dickstein Shapiro LLP
2049 Century Park East - Suite 700, Los Angeles, CA 90067-3109

Attorneys (If Known)
K. Lynn Finateri Silbiger
Hawkins, Parnell & Thackston, LLP
444 South Flower Street - Suite 1100, Los Angeles, CA 90071

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause:
Plaintiffs are suing Defendants for breach of contract and legal malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
1,700,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE                DOCKET NUMBER

DATE  10-2-09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 5899  AMOUNT $350.00  APPLYING IFP  JUDGE  MAG. JUDGE

MS  10/05/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005899
Cashier ID: msweaney
Transaction Date: 10/05/2009
Payer Name: HAWKINGS AND PARNELL LLP
--------------------------------
CIVIL FILING FEE
 For: MIDLAND MGMT V TRAUNER
 Case/Party: D-CAS-3-09-CV-002187-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 190112
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```