ORIGINAL

K. Lynn Finateri Silbiger (SBN 196488)
HAWKINS, PARNELL & THACKSTON, LLP
444 South Flower Street – Suite 1100
Los Angeles, California 90071
Telephone:    (213) 486-8000
Facsimile:    (213) 486-8080
Email: *lfinateri-silbiger@hplegal.com*

Attorney for Defendant
TRAUNER, COHEN & THOMAS, LLP

FILED
2009 OCT -5 AM 11:43
CLERK US DIST ...
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; MIDLAND FUNDING, LLC, a Delaware limited liability company; MRC RECEIVABLES CORPORATION; a Delaware corporation; and MIDLAND FUNDING NCC-2 CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability partnership, and Does 1 through 10,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 09 CV 2187 H RBB<br><br>ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF |

Defendant TRAUNER, COHEN & THOMAS, L.L.P. (now known as Thomas & Cohen, L.L.P.) files this its *Answer to Complaint for Breach of Contract; Negligence/Legal Malpractice; Breach of Fiduciary Duty; Fraud; Money Had and Received; Unjust Enrichment; and Declaratory Relief* and shows this Honorable Court as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

## SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to certain damages the Plaintiff may have sustained and on account thereof, Plaintiff is not entitled to recover such sum from this Defendant.

## THIRD DEFENSE

The claims asserted in the Complaint are barred or reduced by the doctrines of contributory negligence or comparative negligence.

## FOURTH DEFENSE

Plaintiff's claims are limited by the applicable statute of limitation.

## FIFTH DEFENSE

Defendant acted at all times in accordance with the legal and ethical standards governing the legal profession.

## SIXTH DEFENSE

Defendant acted in good faith and with reasonable care.

## SEVENTH DEFENSE

Venue and jurisdiction are improper in California.

## EIGHTH DEFENSE

The punitive damages claims are barred or limited by the due process and equal protection clauses of the Constitution of the United States or the State of Georgia.

## NINTH DEFENSE

This Defendant did not breach certain duties owed to Plaintiff.

## TENTH DEFENSE

Defendant pleads the right to set off and *quantum meruit* to any damages that Plaintiff is entitled to recover.

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

## ELEVENTH DEFENSE

Plaintiff has failed to properly mitigate damages.

## TWELFTH DEFENSE

Any damages to which Plaintiff is entitled are subject to set-off based upon unpaid fees and/or *quantum meruit*.

## THIRTEENTH DEFENSE

Further answering the numbered paragraphs in Plaintiff's Complaint, Defendant states as follows:

## NATURE OF THIS LAWSUIT

1.  Although the nature of the lawsuit should not require any response, in an abundance of caution, Defendant must deny the allegations to the extent that they assume facts not specifically delineated.

## THE PARTIES

2.  Defendant admits the allegations of this paragraph of the Complaint.

3.  Defendant admits the allegations of this paragraph of the Complaint.

4.  Defendant admits the allegations of this paragraph of the Complaint.

5.  Defendant admits the allegations of this paragraph of the Complaint.

6.  Defendant admits that it was a Georgia limited liability company with all of its partners as citizens of Georgia. Defendant is now known as Thomas & Cohen, L.L.P.

7.  Defendant is without knowledge sufficient to form a belief about the existence of any purported John Doe defendants, and therefore must deny same at this time.

8.  The contract speaks for itself, but Defendant denies that venue is proper in this Court. Defendants further deny that this venue is the best venue for these claims. Under the

3

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

doctrine of forum non-conveniens, the United States District Court, Northern District of Georgia, Atlanta Division is the best venue for this action.

## FACTS

9. Defendant admits the allegations of this paragraph of the Complaint.

10. Defendant admits the allegations of this paragraph of the Complaint.

11. Defendant admits that it entered into a Collection Agreement with MCM around September 1, 2004 through its partner Russell S. Thomas. The terms of that agreement are written and speak for themselves. All other allegations are denied.

12. Defendant admits that it entered into a Collection Agreement with MCM around May 6, 2006 through its partner Russell S. Thomas. The terms of that agreement are written and speak for themselves. All other allegations are denied.

13. Defendant admits that it entered into a Collection Agreement with MCM around May 6, 2006 through its partner Russell S. Thomas. The terms of that agreement are written and speak for themselves. All other allegations are denied.

14. Defendant admits that it entered into a Collection Agreement with MCM around May 6, 2006 through its partner Russell S. Thomas. The terms of that agreement are written and speak for themselves. All other allegations in this paragraph are denied.

15. Defendant admits the allegations of this paragraph of the Complaint.

16. Defendant admits the allegations of this paragraph of the Complaint.

17. Defendant denies as stated the allegations of this paragraph of the Complaint.

18. Defendant admits that MCM began an audit of Defendant's records around May 26, 2009 and that certain lawsuits for which reimbursement of court costs had been submitted had never been filed. Defendant denies that it has knowingly withheld any information from MCM as

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 08971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

a result of the audit and denies the balance of all other allegations in this paragraph of the Complaint.

19.   Defendant admits the allegations of this paragraph of the Complaint.

20.   Defendant admits the allegations of this paragraph of the Complaint.

## FIRST CAUSE OF ACTION

21.   The responses contained in all prior numbered paragraphs are incorporated herein by reference.

22.   Defendant admits the allegations of this paragraph of the Complaint, subject to the reservation that some terms or provision of the 2004 Agreement may be unenforceable or void.

23.   Defendant admits only that MCM materially performed under the 2004 Agreement.  All other allegations are denied.

24.   Defendant denies the allegations of this paragraph of the Complaint.

25.   Defendant denies the allegations of this paragraph of the Complaint.

## SECOND CAUSE OF ACTION

(Breach of Contract (the 2006 Agreement) against Trauner
by the MCM Account Owners)

26.   The responses contained in all prior numbered paragraphs are incorporated herein by reference.

27.   Defendant admits the allegations of this paragraph of the Complaint, subject to the reservation that some terms or provision of the 2006 Agreement may be unenforceable or void.

28.   Defendant admits only that MCM materially performed under the 2004 Agreement.  All other allegations are denied.

29.   Defendant admits the allegations of this paragraph of the Complaint.

5

HAWKINS, PARNELL &
THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

30.     Defendant admits that Plaintiff is entitled to the recovery of certain funds, subject to set-offs and *quantum meruit*. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

31.     Defendant admits that Plaintiff is entitled to the recovery of certain funds, subject to set-offs and *quantum meruit*. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

## THIRD CAUSE OF ACTION

**(Negligence/Legal Malpractice against Trauner by the MCM Account Owners)**

32.     The responses contained in all prior numbered paragraphs are incorporated herein by reference.

33.     Defendant admits only that it owed Plaintiff duties arising out of its contractual relationship and the attorney-client relationship pursuant to the laws of the State of Georgia. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

34.     Defendant admits only that it received reimbursement for filing fees in certain cases in which complaints were not filed and the filing fee was not paid as a result of unintentional mistake or error. This Defendant denies any intentional wrongdoing. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

35.     Defendant admits that Plaintiff is entitled to the recovery of certain funds, subject to set-offs and *quantum meruit*. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

## FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty against Trauner by the MCM Account Owners)**

36.     The responses contained in all prior numbered paragraphs are incorporated herein by reference.

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

37. Defendant admits only that it owed a fiduciary duty to its client pursuant to the attorney-client relationship as defined within the scope of the laws of Georgia. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

38. Defendant admits only that it received reimbursement for filing fees in certain cases in which complaints were not filed and the filing fee was not paid as a result of unintentional mistake or error. This Defendant denies any intentional wrongdoing. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

39. Defendant admits that Plaintiff is entitled to the recovery of certain funds, subject to set-offs and *quantum meruit*. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

40. Defendant denies the allegations contained in this paragraph of the Complaint.

### FIFTH CAUSE OF ACTION

**(Fraud against Trauner by MCM)**

41. The responses contained in all prior numbered paragraphs are incorporated herein by reference.

42. Defendant admits the allegations contained in this paragraph of the Complaint.

43. Defendant denies the allegations contained in this paragraph of the Complaint.

44. Defendant denies the allegations contained in this paragraph of the Complaint.

45. Defendant denies the allegations contained in this paragraph of the Complaint.

46. Defendant admits only that it received reimbursement for filing fees in certain cases in which complaints were not filed and the filing fee was not paid as a result of unintentional mistake or error. This Defendant denies any intentional wrongdoing. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

7

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

47. Defendant denies the allegations contained in this paragraph of the Complaint.

48. Defendant denies the allegations contained in this paragraph of the Complaint.

49. Defendant denies the allegations contained in this paragraph of the Complaint.

50. Defendant denies the allegations contained in this paragraph of the Complaint.

## SIXTH CAUSE OF ACTION

**(Money Had and Received Against Trauner by the MCM Account Owners)**

51. The responses contained in all prior numbered paragraphs are incorporated herein by reference.

52. The allegations of this paragraph are unclear as Plaintiff fails to identify the source of the allegedly received and held "funds." Defendant denies that it is currently holding or has ever withheld or converted any collection funds that belong to Plaintiff. All other allegations are denied.

53. The allegations of this paragraph are unclear as Plaintiff fails to identify the source of the allegedly received and held "funds." Defendant denies that it is currently holding or has ever withheld or converted any collection funds that belong to Plaintiff. All other allegations are denied.

54. The allegations of this paragraph are unclear as Plaintiff fails to identify the source of the allegedly received and held "funds." Defendant denies that it is currently holding or has ever withheld or converted any collection funds that belong to Plaintiff. All other allegations are denied.

## SEVENTH CAUSE OF ACTION

**(Unjust Enrichment against Trauner by the MCM Account Owners)**

55. The responses contained in all prior numbered paragraphs are incorporated herein by reference.

8

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 08971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

56. Defendant admits only that it received reimbursement for filing fees in certain cases in which complaints were not filed and the filing fee was not paid as a result of unintentional mistake or error. This Defendant denies any intentional wrongdoing. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

57. Defendant admits only that it received reimbursement for filing fees in certain cases in which complaints were not filed and the filing fee was not paid as a result of unintentional mistake or error. This Defendant denies any intentional wrongdoing. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

58. Defendant admits that Plaintiff is entitled to the recovery of certain funds, subject to set-offs and *quantum meruit*. Defendant denies the balance of the allegations contained in this paragraph of the Complaint.

## EIGHTH CAUSE OF ACTION

### (Accounting Against Trauner by the MCM Account Owners)

59. The responses contained in all prior numbered paragraphs are incorporated herein by reference.

60. The terms of the Agreement speak for themselves. Defendant admits that it has complied fully with the provision identified in this paragraph of the Complaint.

61. Defendant denies the allegations contained in this paragraph of the Complaint.

62. Defendant denies the allegations contained in this paragraph of the Complaint.

63. Defendant denies the allegations contained in this paragraph of the Complaint.

## NINTH CAUSE OF ACTION

### (Declaratory Relief against Does 1 through 10 by the MCM Account Owners)

64. The responses contained in all prior numbered paragraphs are incorporated herein by reference.

65. Without knowledge of the identity of Does 1 through 10, Defendant denies the allegations contained in this paragraph of the Complaint.

66. Without knowledge of the identity of Does 1 through 10, Defendant denies the allegations contained in this paragraph of the Complaint.

67. Without knowledge of the identity of Does 1 through 10, Defendant denies the allegations contained in this paragraph of the Complaint.

68. Defendant denies that Plaintiff has pled a cause of action for declaratory relief. Without knowledge of the identity of Does 1 through 10, Defendant denies the allegations contained in this paragraph of the Complaint.

### ON THE FIRST CAUSE OF ACTION

1. Defendant denies the allegations contained in this paragraph of the Complaint.

### ON THE SECOND, THIRD AND FOURTH CAUSES OF ACTION

2. Defendant denies the allegations contained in this paragraph of the Complaint.

3. Defendant denies the allegations contained in this paragraph of the Complaint.

### ON THE FIFTH CAUSE OF ACTION

4. Defendant denies the allegations contained in this paragraph of the Complaint.

5. Defendant denies the allegations contained in this paragraph of the Complaint.

6. Defendant denies the allegations contained in this paragraph of the Complaint.

### ON THE SIXTH AND SEVENTH CAUSES OF ACTION

7. Defendant denies the allegations contained in this paragraph of the Complaint.

### ON THE EIGHTH CAUSE OF ACTION

8. Defendant denies the allegations contained in this paragraph of the Complaint.

### ON THE NINTH CAUSE OF ACTION

9. Defendant denies the allegations contained in this paragraph of the Complaint.

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

## ALL CAUSES OF ACTION

10. Defendant denies the allegations contained in this paragraph of the Complaint.

11. Defendant denies the allegations contained in this paragraph of the Complaint.

Any allegations contained in Plaintiff's Complaint not specifically admitted herein are hereby denied.

**WHEREFORE**, for the reasons more fully set forth in this Answer, Defendant TRAUNER, COHEN & THOMAS, L.L.P. (*n/k/a* Thomas & Cohen, L.L.P.) having fully answered the Complaint, prays that Defendant prevail on all the aforesaid defenses, that judgment be entered consistent with this Answer, that all costs be cast upon the Plaintiff, that a trial by jury be awarded to Defendant on all issues so triable and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

TRAUNER, COHEN & THOMAS, LLP hereby demands a trial by jury in this action.

DATED: October 2, 2009.　　　　　　　　　HAWKINS, PARNELL & THACKSTON, LLP

By: K. Lynn Finateri Silbiger (SBN 196488)
Attorney for Defendant
TRAUNER, COHEN & THOMAS, LLP

HAWKINS, PARNELL &
THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

11

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

| | |
|---|---|
| 1 | K. Lynn Finateri Silbiger (SBN 196488) |
| | HAWKINS, PARNELL & THACKSTON, LLP |
| 2 | 444 South Flower Street – Suite 1100 |
| | Los Angeles, California 90071 |
| 3 | Telephone:   (213) 486-8000 |
| | Facsimile:    (213) 486-8080 |
| 4 | Email: *lfinateri-silbiger@hplegal.com* |
| 5 | Attorney for Defendant |
| | TRAUNER, COHEN & THOMAS, LLP |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; MIDLAND FUNDING, LLC, a Delaware limited liability company; MRC RECEIVABLES CORPORATION; a Delaware corporation; and MIDLAND FUNDING NCC-2 CORPORATION, a Delaware corporation, | CIVIL ACTION FILE NO. _____ |
| Plaintiffs, | |
| v. | CERTIFICATE OF SERVICE |
| TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability partnership, and Does 1 through 10, | |
| Defendants. | |

This is to certify that I have this date served a copy of the foregoing **ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF** by depositing a true and correct copy of it in the United States mail with adequate postage affixed thereon, addressed as follows:

Kirk A. Pasich
Steven P. Inman, II
DICKSTEIN SHAPIRO LLP
2049 Century Park East – Suite 700
Los Angeles, California 90067-3109

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND DECLARATORY RELIEF

| | |
|---|---|
| DATED: October 2, 2009. | HAWKINS, PARNELL & THACKSTON, LLP |
| | By: K. Lynn Finateri Silbiger (SBN 196488)<br>Attorney for Defendant<br>TRAUNER, COHEN & THOMAS, LLP |

HAWKINS, PARNELL & THACKSTON, LLP
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CA 09971

10488332v.1

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE;
BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND REEIVED; UNJUST ENRICHMENT; AND
DECLARATORY RELIEF

Midland Credit Management, Inc, et al. v. Trauner, Cohen & Thomas et al.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I declare that I am employed by Hawkins, Parnell & Thackston, LLP. I am over the age of eighteen years and not a party to the within cause; my business address is 444 South Flower Street, Suite 1100, Los Angeles, California 90071-2901.

On the date set forth below, I served the foregoing document(s) described as:

**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE/LEGAL MALPRACTICE; BREACH OF FIDUCIARY DUTY; FRAUD; MONEY HAD AND RECEIVED; UNJUST ENRICHMENT; AND DECLATORY RELIEF**

On the parties in said cause.

Kirk A. Pasich
Steven P. Inman, II
DICKSTEIN SHAPIRO, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

[X]   **BY MAIL**: by enclosing a true copy thereof in a sealed envelope and, following ordinary business practices, said envelope, with postage pre-paid, was placed for mailing and collection (in the offices of Hawkins, Parnell & Thackston, LLP) in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on the same day.

[ ]   **BY FACSIMILE**: by facsimile to the facsimile number(s) of the offices of the addressee(s) as indicated above. Fax service is equivalent to personal service pursuant to Trial Setting Order.

[ ]   **BY PERSONAL SERVICE:** by enclosing a true and correct copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on this day by courier service following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 2, 2009, at Los Angeles, CA.

_____
Signature

*Charman Bee*
Print Name

1
PROOF OF SERVICE

10446489v.1