Kirk Pasich (CA State Bar No. 94242)
pasichk@dicksteinshapiro.com
Steven P. Inman, II (CA State Bar No. 227748)
inmans@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Attorneys for Plaintiffs Midland Credit Management, Inc.;
Midland Funding, LLC; MRC Receivables Corporation; and
Midland Funding NCC-2 Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; MIDLAND FUNDING, LLC, a Delaware limited liability company; MRC RECEIVABLES CORPORATION, a Delaware corporation; and MIDLAND FUNDING NCC-2 CORPORATION, a Delaware corporation,<br><br>            Plaintiffs,<br><br>    vs.<br><br>TRAUNER, COHEN & THOMAS, LLP, a Georgia limited liability partnership, and Does 1 through 10,<br><br>            Defendants. | Case No. 09-CV-2187 H (RBB)<br><br>Hon. Marilyn L. Huff<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF RUSSELL S. THOMAS**<br><br>[Filed concurrently with Plaintiffs' Opposition to Defendant's Motion to Transfer Venue; Declaration of Brian Frary in Support of Plaintiffs' Opposition to Defendant's Motion to Transfer Venue; and Plaintiffs' Request for Judicial Notice in Support of Opposition to Motion to Transfer Venue]<br><br>Date:   December 7, 2009<br>Time:   10:30 a.m.<br>Courtroom:  13 |

**OBJECTIONS TO THE DECLARATION OF RUSSELL S. THOMAS**

Plaintiffs Midland Credit Management, Inc., Midland Funding, LLC, MRC Receivables Corporation, and Midland Funding NCC-2 Corporation (collectively, "Midland") object to the Declaration of Russell S. Thomas ("Thomas Declaration") filed in support of the motion to transfer venue filed by Defendant Trauner, Cohen & Thomas ("TCT") as follows:

### Objection Number 1

1. **¶ 2, 1:21-24:** "TCT (now known as Thomas & Cohen, LLP) was a Georgia limited liability partnership with its sole office previously located at 5901-C Peachtree Dunwood Road, Suite 500, Atlanta, 30328 Georgia."

**OBJECTIONS:**

a. **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein. Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

//
//
//
//
//

## Objection Number 2

2. **3, 1:25-26:** "TCT was a lawfirm that specialized in creditors' rights, bankruptcies, and account recovery."

**OBJECTIONS:**

a. **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein. Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

## Objection Number 3

3. **¶ 4, 1:27:** "TCT's attorneys did not practice outside of the State of Georgia."

**OBJECTIONS:**

a. **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein. Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d

1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

## Objection Number 4

4.  **¶ 5, 2:1-3:**  "Plaintiff Midland Credit Management, Inc. ("MCM") and TCT entered into a written agreement whereby MCM engaged TCT to collect debts from debtors residing in the State of Georgia, which included preparing and filing lawsuits in the courts of the State of Georgia."

**OBJECTIONS:**

a.  **No Foundation:**  Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein.  Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein.  Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

b.  **Best Evidence Rule:**  Midland objects to this statement on the grounds that it constitutes improper testimony regarding the contents of a written document. When evidence is based upon information obtained from a document, the document is the best evidence of its content.  Fed. R. Evid. 1002; *U.S. v. Bennett*, 363 F. 3d 947, 953 (9th Cir. 2004) ("the [best evidence] rule appl[ies] when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

c. **Improper Opinion:** Midland objects to this statement on the ground that it contains impermissible opinion testimony rather than a statement of fact. *Compare* Fed. R. Evid. 701. Mr. Thomas's opinions regarding the nature of the document he purports to describe are not proper content for a declaration.

d. **Hearsay:** Midland objects to this statement because it contains impermissible hearsay. Fed. R. Evid. 801, 802. The Rules of Federal Civil Procedure provide that a party may file a declaration provided it states "*facts* that would be admissible evidence (rather than hearsay statements by others, or the declarant's opinions or conclusions)." Schwarzer, Tashima, & Wagstaffe, California Practice Guide, *Federal Civil Procedure Before Trial* ("Rutter Guide"), ¶ 12:57.

## Objection Number 5

5. **¶ 6, 2:4-5:** "In general, the subject matter of the agreement between the parties relates to the collection of debts in the State of Georgia."

**OBJECTIONS:**

a. **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein. Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

b. **Best Evidence Rule:** Midland objects to paragraph 6 of the Thomas Declaration on the grounds that it constitutes improper testimony regarding the

1  contents of a written document.  When evidence is based upon information obtained
2  from a document, the document is the best evidence of its content.  Fed. R. Evid.
3  1002; *U.S. v. Bennett*, 363 F. 3d 947, 953 (9th Cir. 2004) ("the [best evidence] rule
4  appl[ies] when a witness seeks to testify about the contents of a writing, recording or
5  photograph without producing the physical item itself").

6      c.    **Improper Opinion:**  Midland objects to this statement on the ground
7  that it contains impermissible opinion testimony rather than a statement of fact.
8  *Compare* Fed. R. Evid. 701.  Mr. Thomas's opinions regarding the nature of the
9  document he purports to describe are not proper content for a declaration.

10      d.    **Hearsay:**  Midland objects to this statement because it contains
11  impermissible hearsay.  Fed. R. Evid. 801, 802.  The Rules of Federal Civil Procedure
12  provide that a party may file a declaration provided it states "*facts* that would be
13  admissible evidence (rather than hearsay statements by others, or the declarant's
14  opinions or conclusions)."  Schwarzer, Tashima, & Wagstaffe, California Practice
15  Guide, *Federal Civil Procedure Before Trial* ("Rutter Guide"), ¶ 12:57.

16
17  ### Objection Number 6
18

19  6.    ¶ 7, 2:7-8:  "TCT signed the agreement in Georgia, and carried out its
20  duties and obligations under the agreement in Georgia."

21  **OBJECTIONS:**

22      a.    **No Foundation:**  Midland objects to this statement on the grounds that it
23  fails to state any facts to establish that Mr. Thomas has personal knowledge of any of
24  the matters declared therein.  Evidence introduced before a proper foundation has
25  been laid is inadmissible, and the declaration establishes no foundation for any portion
26  of the factual assertions contained therein.  Fed. R. Evid. 602 ("A witness may not
27  testify to a matter unless evidence is introduced sufficient to support a finding that the
28  witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d

1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

  b. **Best Evidence Rule:** Midland objects to paragraph 7 of the Thomas Declaration on the grounds that it constitutes improper testimony regarding the contents of a written document. When evidence is based upon information obtained from a document, the document is the best evidence of its content. Fed. R. Evid. 1002; *U.S. v. Bennett*, 363 F. 3d 947, 953 (9th Cir. 2004) ("the [best evidence] rule appl[ies] when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

  c. **Improper Opinion:** Midland objects to this statement on the ground that it contains impermissible opinion testimony rather than a statement of fact. *Compare* Fed. R. Evid. 701. Mr. Thomas's opinions regarding the nature of the document he purports to describe are not proper content for a declaration.

## Objection Number 7

7. **¶ 8, 2:9-10:** "TCT received up to 5,000 collection accounts per month from MCM, and said collection accounts were received in the State of Georgia."

**OBJECTIONS:**

  a. **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein. Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper

affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

### Objection Number 8

8.  ¶ 9, 2:11-12: "All collection activities by TCT in connection with the aforementioned accounts were conducted in the State of Georgia and involved Georgia debtors."

**OBJECTIONS:**

a.  **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of the matters declared therein. Evidence introduced before a proper foundation has been laid is inadmissible, and the declaration establishes no foundation for any portion of the factual assertions contained therein. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper affidavits by individuals with personal knowledge and other cognizable and significantly probative evidence").

### Objection Number 9

9.  ¶ 10, 2:14-15: "All documents and things in TCT's possession, custody, and control that relate to Plaintiffs' allegations set forth in their Complaint are located in Georgia."

**OBJECTIONS:**

a.  **No Foundation:** Midland objects to this statement on the grounds that it fails to state any facts to establish that Mr. Thomas has personal knowledge of any of

1  the matters declared therein.  Evidence introduced before a proper foundation has
2  been laid is inadmissible, and the declaration establishes no foundation for any portion
3  of the factual assertions contained therein.  Fed. R. Evid. 602 ("A witness may not
4  testify to a matter unless evidence is introduced sufficient to support a finding that the
5  witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d
6  1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper
7  affidavits by individuals with personal knowledge and other cognizable and
8  significantly probative evidence").

9      b.  **Improper Opinion:**  Midland objects to this statement on the ground
10  that it contains impermissible opinion testimony rather than a statement of fact.
11  *Compare* Fed. R. Evid. 701.  Mr. Thomas's opinions regarding which documents are
12  in TCT's possession, custody, or control are not proper content for a declaration.  Nor
13  are Mr. Thomas's opinions regarding which documents relate to the allegations in
14  Midland's complaint.

### Objection Number 10

17    10.  **¶ 11, 2:16-18:**  "The only contact that TCT had with the State of
18  California in connection with its agreement with MCM as via electronic
19  communication; otherwise, TCT has had no contact with the State of California."

20      **OBJECTIONS:**

21      a.  **No Foundation:**  Midland objects to this statement on the grounds that it
22  fails to state any facts to establish that Mr. Thomas has personal knowledge of any of
23  the matters declared therein.  Evidence introduced before a proper foundation has
24  been laid is inadmissible, and the declaration establishes no foundation for any portion
25  of the factual assertions contained therein.  Fed. R. Evid. 602 ("A witness may not
26  testify to a matter unless evidence is introduced sufficient to support a finding that the
27  witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d
28  1093, 1104 (9th Cir. 1999) (finding that the court may consider as evidence "proper

1  affidavits by individuals with personal knowledge and other cognizable and
2  significantly probative evidence").
3      b.   **Improper Opinion:** Midland objects to this statement on the ground
4  that it contains impermissible opinion testimony rather than a statement of fact.
5  *Compare* Fed. R. Evid. 701. Mr. Thomas's opinions regarding what constitutes a
6  "contact" with the State of California are not proper content for a declaration.

DATED:  November 23, 2009        DICKSTEIN SHAPIRO LLP

s/Steven P. Inman, II
Attorneys for Plaintiffs
E-Mail:  inmans@dicksteinshapiro.com

DOCSLA-46604